52 F.3d 345
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Walter W. DICKERSON, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 95-3095.
 United States Court of Appeals, Federal Circuit.
 April 13, 1995.
 
 65 M.S.P.R. 404.
 AFFIRMED.
 Before RICH, BENNETT, and MAYER, Circuit Judges.
 DECISION
 RICH, Circuit Judge.
 
 
 1
 Walter W. Dickerson (Dickerson) appeals the October 21, 1994, dismissal by the Merit Systems Protection Board (MSPB or board) of his petition for enforcement, No. PH-0831-93-0567-X-1, of Order No. PH-0831-93-0576-C-1, directing the Office of Personnel Management (OPM) to allow Dickerson to make a deposit of civil service retirement deductions into the Civil Service Retirement and Disability Fund (Fund) covering Dickerson's military service from January 1, 1957 through January 22, 1968. We affirm.
 
 DISCUSSION
 
 2
 Dickerson was on active duty service in the Navy from January 18, 1946, to January 22, 1968, and a civilian employee of the Department of the Navy from March 7, 1968, to March 31, 1986. Pursuant to 5 U.S.C. Secs. 8332(j)(1) and (j)(2)(A), Dickerson's military service after December 31, 1956, would be eliminated from his annuity computation when he reached age 62, if he was eligible for Social Security benefits, unless he made a deposit of civil service deductions. At the time of his retirement, Dickerson did not make a deposit because the agency, through administrative error, misinformed him of his eligibility options.
 
 
 3
 In the December 7, 1993[1], initial decision reversing the OPM, the Administrative Judge (AJ) found that Dickerson was entitled to make the required deposit under the regulations. The AJ granted Dickerson's request to make a deposit and ordered the agency to recompute his civil service annuity to include credit for his post-1956 military service. Although Dickerson was allowed to make his deposit, he was also required to make an interest payment of $2872.10 as part of the deposit.
 
 
 4
 Thereafter, Dickerson filed a petition for enforcement of the board's final decision, contending that OPM had not recomputed his annuity and that the OPM had improperly charged him interest on the deposit. In the board's July 6, 1994, initial decision, the AJ determined that the OPM was in partial noncompliance with the board's final decision because it had not recomputed Dickerson's civil service annuity to include credit for this post-1956 military service. As to interest, the AJ determined that 5 U.S.C. Sec. 8334(j) contained no provision that would allow a waiver of interest on the amount of the deposit. The full board, in dismissing Dickerson's petition, agreed with the AJ's determination regarding the interest and found that the OPM had since complied with its prior order regarding the recomputation. Dickerson now appeals the board's decision regarding his entitlement to a refund of the interest payment made on the deposit.[2]
 
 
 5
 We must affirm decisions of the board unless they are arbitrary, capricious, not in accordance with law, obtained without procedures required by rule, law, or regulations, or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c). See Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).
 
 
 6
 The payment of interest on such deposits is required by statute, 5 U.S.C. Sec. 8334(j)(1)-(2), and there is no provision in the statute or regulations allowing for waiver of the interest payment in Dickerson's case. Dickerson does not meet the only provisions allowing avoidance of interest charges because he did not make his deposit within two years after October 1, 1983, or within two years of first becoming a civilian employee. 5 U.S.C. Sec. 8334(j)(2)(A)-(B). The statute is clear and, therefore, there is no basis upon which to waive the interest payments made by Dickerson. Accordingly, we find no error to support reversal of the board's decision.
 
 
 
 [1]
 The board issued an erratum order on December 22, 1993. The initial decision became the final decision on January 11, 1994
 
 
 [2]
 Dickerson also requests refund of the $100.00 filing fee